NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO RAMIREZ-LARIUS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70549 <br><br> Agency No. A201-222-932 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Pasadena, California

Before:  BERZON and FRIEDLAND, Circuit Judges, and KORMAN,[***] District Judge.

Ignacio Ramirez-Larius ("Petitioner"), a native and citizen of Mexico,

petitions for review from a decision of the Board of Immigration Appeals ("BIA")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

upholding the immigration judge's ("IJ") denial of his claims for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioner argues that he will more likely than not face persecution on account of his membership in his family if he returns to Mexico. The BIA rejected this claim, reasoning that, even assuming Petitioner's family was a cognizable social group, Petitioner had failed to establish any nexus between the potential threats he faced in Mexico and his family membership.[1] *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357-60 (9th Cir. 2017) (holding that an applicant for withholding of removal must demonstrate that a protected ground under the Act was "a reason" for any past or likely future persecution).

The BIA's conclusion was supported by substantial evidence. Petitioner testified that his uncle was killed "a long, long time ago" and that his sister was killed in 2007. He does not know why either family member was killed, though he thinks his uncle was killed because of an intra-family dispute and his sister might have been killed because a cartel believed that his family was involved in drugs. Petitioner's other family members have remained in Mexico without being harmed.

---

[1] Because we conclude that this aspect of the BIA's reasoning is supported by substantial evidence, we need not decide whether the BIA correctly concluded, in the alternative, that Petitioner's family is not a cognizable "particular social group" under 8 U.S.C. § 1101(a)(42).

Petitioner testified that, after his sister was killed, he received a phone call from a person telling him that he would be killed if he returned to Mexico. The record is inconsistent regarding whether the caller was anonymous or was a family member. Petitioner also submitted general evidence about the violence being perpetrated by drug cartels and corruption among law enforcement officers in Mexico. In light of the lack of nonspeculative evidence that his relatives were killed because of their family membership, and in light of the fact that other family members have remained in Mexico unharmed, Petitioner's evidence does not compel the conclusion that Petitioner would more likely than not suffer persecution "on account of" his membership in his family. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

Substantial evidence also supports the agency's determination that Petitioner is not eligible for CAT relief because Petitioner failed to show it is more likely than not that he will be tortured if he returns to Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico [that was] not particular to Petitioners [was] insufficient to meet [the CAT] standard").

**PETITION DENIED.**